UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE ROBINSON,

        Plaintiff,

v.                                            Case No. 2:23-cv-10255
                                              Honorable Nancy G. Edmunds

JODI DEANGELO, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

This is a *pro se* prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff, Tyrone Robinson, is a Michigan prisoner currently confined at the Woodland Center Correctional Facility in Whitmore Lake, Michigan. Defendants are Michigan Department of Corrections (MDOC) employees Warden Jodi DeAngelo, Deputy Warden M. Mates, Correctional Officer Houck and Correctional Officer Schatz. Plaintiff alleges that defendants violated his Eighth Amendment rights when they failed to protect him from harm after he was physically attacked by an unrestrained inmate. He seeks compensatory and injunctive-type relief. Upon initial screening, the Court concludes that Plaintiff has failed to state a claim against defendants DeAngelo and Mates. Therefore, the Court dismisses these defendants from the complaint.

### I.    BACKGROUND

Plaintiff alleges that on September 29, 2022, he was assigned to monitor an inmate on hunger strike. The management plan provided that the inmate would be restrained and escorted by two correctional officers when he exited his cell. Plaintiff

alleges that Defendants Houck and Schatz were aware of the inmate's restraint requirements. However, when defendants escorted the inmate, Plaintiff alleges that that the inmate was not placed in restraints. Plaintiff alleges that the inmate then assaulted him. Plaintiff required medical attention and was diagnosed with a "musculoskeletal injury." Plaintiff alleges that defendants Houck and Schatz failed to follow proper policies and procedure, which resulted in his injuries. He alleges that defendants' failure to protect him from harm violated his Eighth Amendment rights. Plaintiff further asserts that defendants DeAngelo and Mates failed to take any corrective measures to avoid this type of incident.

## II. DISCUSSION

### A. Legal Standard

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint or any portion of it if the allegations are frivolous, malicious, fail to state a claim for which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). "District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

Plaintiff prepaid the filing fee for this action, and courts may not summarily

dismiss a prisoner's fee-paid complaint under 28 U.S.C. § 1915(e)(2) because that section applies only to complaints filed *in forma pauperis*. *Benson v. O'Brian*, 179 F.3d 1014, 1015-17 (6th Cir. 1999). *Benson*, however, does not prohibit federal courts from screening a prisoner's fee-paid civil rights complaint against government officials under § 1915A. *Hyland v. Clinton*, 3 F. App'x 478, 478-79 (6th Cir. 2001). Thus, if a prisoner's complaint seeks relief from a governmental entity, officer, or employee, Congress has directed that the district court must dismiss it, or any part thereof, which (a) is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (b) seeks monetary relief from a defendant who is immune from suit for monetary damages. 28 U.S.C. § 1915A. Moreover, a federal "district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### B. Analysis

Plaintiff's claims against defendants DeAngelo and Mates based on supervisory liability must be dismissed.

It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009);

*see also Taylor v. Michigan Dep't of Corr.*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). To hold a supervisory official personally liable under § 1983, a plaintiff must demonstrate that the official actively engaged in some unconstitutional behavior. *See Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability."). Moreover, a supervisor's failure to act, without more, is insufficient to establish supervisory liability. *See Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) ("[A] mere failure to act will not suffice to establish supervisory liability.") (citations omitted).

Here, Plaintiff does not allege that defendants DeAngelo and Mates directly or personally engaged in unconstitutional conduct. Rather, Plaintiff asserts that defendants failed "to take corrective steps to ensure this behavior is avoided." But claims based on vicarious liability are insufficient to state a claim under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Because Plaintiff merely alleges that defendants failed to act, he does not state a § 1983 claim. Accordingly, the Court will dismiss defendants DeAngelo and Mates from the complaint.

### III.  CONCLUSION

For the reasons stated, the Court orders that defendants DeAngelo and Mates are **DISMIISED WITH PREJUDICE** from this lawsuit.

**IT IS SO ORDERED.**

4

                                                                           s/ Nancy G. Edmuds  
                                                                           NANCY G. EDMUNDS  
Dated:  March 30, 2023              UNITED STATES DISTRICT JUDGE